UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDRES VIÑAS and JHON VIÑAS,
On behalf of themselves and all others similarly situated,

                              Plaintiffs,

                                                        Index No.    16-CV-1699

                - against -                              **CLASS ACTION**
                                                        **<u>COMPLAINT</u>**

PROCIDA CONSTRUCTION CORP., P. MEJIAS
CLEANING SERVICE, and PEDRO MEJIAS,

                              Defendants.
------------------------------------------------------------------------X

Plaintiffs Andres Viñas and Jhon Viñas ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action on behalf of themselves and a putative class of painters who provided labor for Defendants Pedro Mejias ("Mejias"), P. Mejias Cleaning Service ("PMCS"), and Procida Construction Corp. ("Procida") on public works projects.  Plaintiffs seek to recover overtime payments required by federal and state law for hours worked on public works projects in excess of 40 per week, as well as New York State mandated prevailing wages.

2.      Plaintiffs, construction workers in New York City who paint building interiors and exteriors, are former employees of PMCS, a construction company that employs workers to paint commercial buildings, and Pedro Mejias.

3.      PMCS has been engaged as a prime contractor and/or subcontractor for numerous publicly funded construction projects in New York City.

4.      Defendant Procida retained PMCS as a subcontractor on several of these contracts, , *inter alia*, 135 West 23rd Street, New York, New York, a housing complex for the

1

blind; 1918 1st Avenue, New York, New York, a senior housing complex; and 1060 Reverend James Polite Avenue, Bronx, New York, also known as Lynn's Place, a supportive housing complex.

5.      Plaintiffs frequently worked more than 40 hours per week on public works projects and were not paid time and one-half for the hours they worked over 40 in a week.

6.      Nor were Plaintiffs paid the prevailing wage for the occupation "Painter – Brush & Roller" in New York City according to the New York City Prevailing Wage Schedule, as required by statutorily required contractual terms set forth in the New York Labor Law ("NYLL"), Article 8, § 220.

7.      Plaintiffs bring this action on behalf of themselves and all similarly situated former and current employees of PMCS and Mejias who elect to opt in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawful wages, including overtime for all hours worked in excess of 40 in a week.

8.      Plaintiffs also bring this action on behalf of themselves and a class of similarly situated former and current employees of PMCS and Mejias, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including unpaid overtime wages for their hours in excess of 40 per week, pursuant to NYLL, Article 6, §§ 190 *et seq.*; NYLL, Article 19, §§ 650 *et seq.*; and its supporting regulations, 12 N.Y.C.R.R. 142-2.2.

9.      Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of PMCS and Mejias, pursuant to Fed. R. Civ. P. 23, as third-party beneficiaries, for Defendants' breach of contract.  Defendants PMCS, Mejias, and

Procida failed to comply with the statutorily required provision of all publicly financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the payment of prevailing wages and supplemental benefits as set by the New York State Department of Labor and/or the New York City Comptroller.

## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiffs and Opt-Ins

13.     Plaintiffs and other members of the putative class are painters who performed painting labor in the City and/or State of New York.

14.     At all times relevant to this Complaint, Plaintiffs and other members of the putative class were employees of PMCS and Mejias within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL, Article 6, § 190(2).

15.     At all times relevant to this Complaint, Plaintiffs and other members of the putative class were employees engaged in commerce and/or the production of goods for commerce, as define in the FLSA and its implementing regulations.

16.     Plaintiffs provided labor for several public works projects for which PMCS was engaged as a prime contractor or subcontractor, including but not limited to projects for which Procida was engaged as the prime contractor and PMCS was engaged as a subcontractor.

## P. Mejias Cleaning Service

17.     PMCS is a painting and construction business incorporated in the State of New York, with its principle place of business at 1 Vernon Avenue, Brooklyn, New York 11206. PMCS provided throughout the relevant period and continues to provide painting services as both contractor and subcontractor on numerous public works projects in New York City and/or State.

18.     Defendant PMCS has been, at all relevant times, and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

19.     Upon information and belief, at all relevant times, Defendant PMCS has had gross revenues in excess of $500,000.

20.     Upon information and belief, Pedro Mejias is the President and sole owner of PMCS and is therefore liable for its conduct under the FLSA, 29 U.S.C. § 203(d).

## Procida Construction Corp.

21.     Procida is a construction business incorporated in New York with its principal place of business at 456 East 173rd Street, Bronx, New York 10457.

22.     Procida has been engaged as a prime contractor for numerous public works projects in New York City.

23.    Procida retained PMCS as a subcontractor on several contracts with the City of New York, including but not limited to contracts for work on 135 West 23rd Street, 1918 1st Avenue, and 1060 Reverend James Polite Avenue.

## CLASS ALLEGATIONS

### FLSA Collective Action

24.    Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for PMCS and Mejias performing painting services for public works projects and who did not receive overtime pay for all hours worked in excess of 40 hours per work week ("FLSA Collective Action").

25.    Defendants PMCS and Mejias are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs, and, as such, notice should be sent to the members of FLSA Collective Action.

26.    There are numerous, similarly situated current and former employees of PMCS and Mejias who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

### Rule 23 Class Action

27.    Plaintiffs bring their NYLL claim and their breach of contract claim on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23 consisting of all employees of PMCS and Mejias who performed painting work and who failed to receive overtime compensation for all hours worked in excess of 40 in a work week and who failed to receive the prevailing wage and supplemental benefits rate, as set by the New York State Department of Labor and New York City Prevailing Wage Schedules, for any and all hours worked on publicly financed construction projects, including but not limited to publicly finance construction projects

for which Procida was engaged as the prime contractor, at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case ("Rule 23 Class").

28.     The persons in the class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is presently unknown to Plaintiffs and calculation of such numbers would require facts in the sole control of Defendants, upon information and belief, there are more than 50 members of the Rule 23 Class during the class period.

29.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

30.     Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' practices.

32.     Defendants have acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

33.     There are questions of law and fact common to the class which predominate any questions solely affecting individual members of the class, including:

a.  Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

b.  What proof of hours worked is sufficient where employers fail in their duty to maintain true and accurate time records;

c.  Whether Defendants PMCS and Mejias failed to pay Plaintiffs and the Rule 23 Class overtime wages at a wage rate of one and one-half times their wages within the meaning of NYLL, Article 19 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. 142-2.2;

d.  Whether Defendant PMCS entered into certain contracts with various government agencies to provide painting services for public works projects;

e.  Whether Defendant Procida entered into contracts with various government agencies to provide painting services for public works projects and retained the services of Defendant PMCS as a subcontractor;

f.  Whether Defendant Procida ensured or obtained proof that PMCS paid prevailing wages to all works who worked on public job sites; and

g.  Whether Defendants failed to ensure that Plaintiffs and the putative class were paid the prevailing wage and required supplements for all work performed on publicly financed construction projects, per contract terms statutorily required to be included in all public works contracts.

## COLLECTIVE & CLASSWIDE FACTUAL ALLEGATIONS

34.  Plaintiffs and members of the Rule 23 Class and the FLSA Collective Action ("Class Members") were employed by PMCS and Mejias.

35.    Plaintiffs and Class Members, as part of their employment for Defendant PMCS, regularly worked on public works projects throughout New York City, including but not limited to projects for which Procida was engaged as the prime contractor and retained PMCS as a subcontractor.

36.    All of the work that Plaintiffs and Class Members performed was assigned by PMCS and Mejias.

37.    Plaintiffs and Class Members were generally paid by Mejias in cash, though on at least one occasion during the relevant timeframe, Plaintiff Jhon Viñas received a check from PMCS.

38.    Upon information and belief, Plaintiffs and Class Members frequently worked more than 40 hours per week.

39.    Upon information and belief, at no time were Plaintiffs or Class Members paid one and one-half times their wage for hours worked in excess of 40 in one week.

40.    NYLL, Article 8, requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers on publicly financed construction projects.

41.    As part of its regular business practice, PMCS willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL.  This pattern or practice includes, but is not limited to:

      a.  Willfully failing to record all of the hours that its employees worked;

      b.  Willfully failing to retain true and accurate records of the wages paid to employees;

    c.   Willfully failing to pay Plaintiffs and Class Members one and one-half times their wage for hours worked in excess of 40 per work week.

42.    At all relevant times, Defendant PMCS failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

43.    NYLL, Article 8, § 220(3)(a) requires that all contracts and subcontracts entered into for the performance of public works in New York State include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplements at rates to be determined by the New York State Department of Labor and/or the New York City Comptroller.

44.    This statutorily required promise to pay and ensure payment of the prevailing wages, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing labor on the sites of public works projects and, as such, Plaintiffs and Class Members furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendants and government agencies.

45.    At various times between 2012 and the present, Defendant PMCS entered into contracts with government agencies, including the New York City Department of Housing Preservation and Development, to provide painting services and employed Plaintiffs and Class Members to perform the required work.

46.    In performance of Defendants' contracts and subcontracts on public works projects, Plaintiffs and Class Members performed painting services, including painting the interiors and exteriors of buildings.

47.     Defendants PMCS and Mejias willfully failed to pay Plaintiffs and Class Members engaged in labor on said public works projects the prevailing wage, supplements, and overtime as required by the above-mentioned contract terms.

48.     Upon information and belief, PMCS paid the majority of Plaintiffs or Class Members at a daily rate of between $100 and $200, depending on the individual.

49.     The prevailing wage rate for the occupation "Painter – Brush & Roller" in New York City, as set by the New York City Comptroller's Office, is currently $42.50 per hour.  It was previously set at $42.50 per hour for 2016-2017, $41.00 for 2015-2016, and $39.50 for 2014-2015.

50.     The current rate of supplemental benefits for the occupation "Painter – Brush & Roller" in New York City, as set by the New York City Comptroller's Office, is $28.62.  It was previously set at $26.62 per hour for 2016-2017, $26.37 for 2015-2016, and $26.12 for 2014-2015.  The supplemental benefit rate is to be paid for each hour worked.

51.     Upon information and belief, at no time were Plaintiffs or Class Members paid $71.12 per hour, the current prevailing wage plus the current supplemental benefit rate, for any hour worked, with the vast majority earning between $10 and $20 per hour.

52.     At various times between 2005 and the present, Defendant Procida entered into numerous contracts for public works with governmental agencies, including the New York City Department of Housing Preservation and Development to provide, *inter alia*, painting services.

53.     Defendant Procida hired Defendant PMCS as a subcontractor to provide labor for the above-mentioned public works contracts, and PMCS in turn employed Plaintiffs and Class Members to perform the required work.

54.     For those projects for which Procida was engaged as the prime contractor, Procida sent supervisors to the work sites of Plaintiffs and proposed Class Members every day.  These supervisors watched them complete their timesheets and required them to sign a sign-in/sign-out sheet at the beginning and end of each work day.

55.     Defendant Procida willfully failed to ensure that Plaintiffs and Class Members employed to fulfill said public works contracts were paid the prevailing wage, supplements, and overtime, as required by the above-mentioned contract terms.

56.     Defendants' unlawful conduct as herein described has been widespread, repeated, and consistent.  Procida has been a defendant of several similar lawsuits, including *Jackson v. Procida*, Index No. 506482/2013, Supreme Court of the State of New York, County of Kings.

57.     Furthermore, NYLL, Article 8, requires both contractors and all subcontractors performing work on a public works project to post the prevailing wage schedule and supplement rates.

58.     Defendants did not post the prevailing wage schedule and supplement rates at any of the work sites of the public works projects for which Plaintiffs provided labor.

59.     NYLL, Article 8, requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

60.     For the projects for which Procida was engaged as the prime contractor, Procida failed to provide PMCS with the schedule of prevailing wages and supplements.

61.     NYLL, Article 8, requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.

62.     For the public works projects for which Plaintiffs furnished labor, PMCS and

Mejias did not provide Procida with a verified statement attesting that the schedule of wages and

supplements has been reviewed and received, and agreeing to pay the applicable prevailing

wages and supplements.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Andres Viñas

63.     Andres Viñas ("Andres") worked as a painter for PMCS for four years off and on.

Whenever he worked for PMCS, he worked at least eight hours per day, six days per week

(Monday through Saturday).  He sometimes worked seven days per week.

64.     While employed by PMCS, Andres worked on numerous public works projects

pursuant to contracts one or more Defendants entered into with various New York City

Agencies, including the New York City Department of Housing Preservation and Development.

Andres performed such work at, *inter alia*, 135 West 23rd Street, 1918 1st Avenue, and 1060

Reverend James Polite Avenue.

65.     Most recently, Andres worked on public works projects for PMCS between

October 2, 2018, and December 2, 2018.  Andres was paid $120 per day.  His daily pay was not

affected by the number of hours worked in the day, the number of hours worked per work week,

or whether or not he was working in performance of a publicly financed construction contract.

66.     Andres was usually paid by cash, but he was paid by check from PMCS once.

When he was paid in cash, he received it in an envelope with the amount of cash listed on the

outside.  He never received any pay stub or other notation indicating the number of hours he

worked.

67.     Andres never received the prevailing wage, supplemental benefits rate, or overtime pay for hours worked in excess of 40 per work week.

**Jhon Viñas**

68.     Jhon Viñas ("Jhon") worked as a painter for PMCS for four years off and on. Whenever he worked for PMCS, he worked at least eight hours per day, six days per week (Monday through Saturday).  He sometimes worked seven days per week.

69.     While employed by PMCS, Jhon worked on numerous public works projects pursuant to contracts one or more Defendants entered into with various New York City Agencies, including the New York City Department of Housing Preservation and Development. Jhon performed such work at, *inter alia*, 135 West 23rd Street, 1918 1st Avenue, and 1060 Reverend James Polite Avenue.

70.     Most recently, Jhon worked on public works projects for PMCS between June 2018 and December 2, 2018.  Jhon was paid $200 per day.  His daily pay was not affected by the number of hours worked in the day, the number of hours worked per work week, or whether or not he was working in performance of a publicly financed construction contract.

71.     Jhon was usually paid by cash, but he was paid by check from PMCS twice. When he was paid in cash, he received it in an envelope with the amount of cash listed on the outside.  He never received any pay stub or other notation indicating the number of hours he worked.

72.     Jhon never received the prevailing wage, supplemental benefits rate, or overtime pay for hours worked in excess of 40 per work week.

## FIRST CAUSE OF ACTION

## <u>Fair Labor Standards Act</u>

73.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 72 herein.

74.     Defendants PMCS and Mejias engaged in a widespread pattern or practice of violating the FLSA, 29 U.S.C. §§ 201 *et seq.*

75.     Plaintiffs consent in writing to being parties to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consents are attached hereto and incorporated by reference.

76.     At all times relevant to this action, Plaintiffs and the members of the FLSA Collective Action were employed by Defendants PMCS and Mejias within the meaning of the FLSA, 29. U.S.C. §203.

77.     At all times relevant to this action, Plaintiffs and the members of the FLSA Collective Action were engaged in commerce and Defendant PMCS was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

78.     Defendants PMCS and Mejias willfully failed to pay Plaintiffs and the members of the FLSA Collective Action overtime compensation at a rate of not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a work week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

79.     Defendants PMCS and Mejias failed to keep appropriate and accurate payroll and time records as required by federal law.

80.     Due to the FLSA violations committed by Defendants PMCS and Mejias, Plaintiffs and the members of the FLSA Collective Action have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### New York Labor Law: Unpaid Overtime Wages

81.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 80 herein.

82.    At all times relevant to this action, Plaintiffs and the putative Class Members were employed by Defendants Mejias and PMCS within the meaning of NYLL, Article 6, § 190.

83.    Defendants PMCS and Mejias willfully violated the rights of Plaintiffs and the Class Members by failing to pay them overtime compensation at rates not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a work week, in violation of NYLL, Article 19, and its regulations, NYCRR § 142-2.2.

84.    Defendants PMCS and Mejias willfully violated the rights of Plaintiffs and the Class Members by failing to pay them wages due and owing for work performed in violation of the NYLL.

85.    Due to the NYLL violations committed by Defendants PMCS and Mejias, Plaintiffs and Class Members are entitled to recover their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL, Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*

**THIRD CAUSE OF ACTION**

**New York Labor Law: Annual Notice**

86.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 85 herein.

87.     Pursuant to NYLL § 195(1)(a), every employer is required to

> provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with any kind of annual notice whatsoever, let alone an annual notice meeting the requirements laid out in NYLL § 195(1)(a).

89.     NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages of $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorney's fees as well as appropriate injunctive and/or declaratory relief).

90.     During the course of Plaintiffs and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

91.     Defendants are therefore liable to Plaintiffs and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

### FOURTH CAUSE OF ACTION

### New York Labor Law: Wage Statements

92.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 91 herein.

93.     Pursuant to NYLL § 195(3), every employer is required to

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

94.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with wage statements meeting the requirements laid out in § 195(3).

95.     NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorney's fees as well as appropriate injunctive and/or declaratory relief).

96.     During the course of Plaintiffs and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

97.     Defendants are therefore liable to Plaintiffs and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## FIFTH CAUSE OF ACTION

### Breach of Contract

98.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 97 herein.

99.     NYLL, Article 8, § 220(3)(a), (b) requires that all contracts to which the state, a public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

100.     The prevailing wage and supplement rates for Painters in New York City is set by the New York City Comptroller, which has determined the current rate to be $42.50 per hour in wages plus $28.62 per hour in supplemental benefits.

101.     The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiffs and Class Members.

102.     All Defendants breached their public works contracts and/or subcontracts by failing to pay Plaintiffs and Class Members the prevailing wage and supplemental benefits rate for all hours worked in performance of said contracts.

## FOURTH CAUSE OF ACTION

### (Pled in the Alternative)

### <u>Unjust Enrichment</u>

103.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 102 herein.

104.     Plaintiffs and Class Members have performed a significant amount of work for which they have not been paid.

105.     When Defendants entered into the public works contracts and/or subcontracts, they agreed to pay the required prevailing wage, overtime, and supplemental benefit rates of pay to Plaintiffs and Class Members.

106.     Upon information and belief, Defendants billed the public owner, such as the New York City Department of Housing Preservation and Development, overtime and supplemental benefit rates which were not paid to Plaintiffs and Class Members.

107.     As a result of this failure to pay said wages, Defendants were unjustly enriched for work and services performed by Plaintiffs and Class Members.

### PRAYER FOR RELIEF

108.     WHEREFORE Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a.   That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed be Defendants PMCS and/or Mejias.

Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied premium overtime compensation;

b.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c.  Designation of Andres Viñas and Jhon Viñas as representatives of the Rule 23 Class, and counsel of record as class counsel;

d.  Unpaid wages, attorney's fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.* and NYLL, Article 6, § 198(1-a);

e.  An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

f.  An additional and equal amount of unpaid wages as liquidated damages pursuant to NYLL, Article 6, § 198;

g.  The difference between the wages paid to Plaintiffs and Class Members for non-overtime work on public works projects and the prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller, and interest on said sum;

h.  Issuance of a declaratory judgment that the practices of Defendants complained of herein are unlawful under the FLSA and the NYLL.

Dated: February 23, 2018
        New York, New York

BERANBAUM MENKEN LLP

_____
Bruce E. Menken
80 Pine Street, 33rd Floor
New York, New York 10005
(212) 509-1616


THE LAW OFFICES OF JACOB ARONAUER

_____
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980