UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES VINAS, and JHON VINAS, On
behalf of themselves and all others similarly
situated,

*Plaintiffs,*

v.

PROCIDA CONSTRUCTION CORP.,
P.MEJIAS CLEANING SERVICE, and
PEDRO MEJIAS,

*Defendants.*

**ANSWER**
**AFFIRMATIVE DEFENSES**

1:18-cv-01699

Defendants PMEJIAS CLEANING SERVICE, and PEDRO MEJIAS (hereinafter collectively referred to as "Defendants"), by way of Answer to the Complaint, state as follows:

**"AS TO PRELIMINARY STATEMENT"**

1.      Paragraph 1 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations asserted in Paragraph 2 of the Complaint and leave Plaintiffs to their proofs.

3.      Defendants deny the allegations asserted in Paragraph 3 of the Complaint and leave Plaintiffs to their proofs.

4.      Defendants deny the allegations asserted in Paragraph 4 of the Complaint and leave Plaintiffs to their proofs.

5.      Defendants deny the allegations asserted in Paragraph 5 of the Complaint and leave Plaintiffs to their proofs.

6.      Defendants deny the allegations asserted in Paragraph 6 of the Complaint and leave Plaintiffs to their proofs.

1

7.      Paragraph 7 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 9 of the Complaint.

## **"AS TO JURISDICTION AND VENUE"**

10.     Paragraph 10 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 12 of the Complaint.

## **"AS TO PARTIES"**
### **Plaintiffs and Opt-Ins**

13.     Defendants deny the allegations asserted in Paragraph 13 of the Complaint and leave Plaintiffs to their proofs.

14.     Paragraph 14 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations asserted in Paragraph 14 of the Complaint and leave Plaintiffs to their proofs.

15.     Defendants deny the allegations asserted in Paragraph 15 of the Complaint and leave Plaintiffs to their proofs.

16.     Defendants deny the allegations asserted in Paragraph 16 of the Complaint and leave Plaintiffs to their proofs.

### P.Mejias Cleaning Service

17.     Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations asserted in Paragraph 18 of the Complaint and leave Plaintiffs to their proofs.

19.     Defendants deny the allegations asserted in Paragraph 19 of the Complaint and leave Plaintiffs to their proofs.

20.     Paragraph 20 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations asserted in Paragraph 20 of the Complaint and leave Plaintiffs to their proofs.

### Procida Construction Group

21.     Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 21 of the Complaint.

22.     Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22 of the Complaint.

23.     Defendants deny knowledge and/or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 23 of the Complaint.

**"AS TO CLASS ALLEGATIONS"**

**FLSA Collective Action**

24.     Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 26 of the Complaint.

**Rule 23 Class Action**

27.     Paragraph 27 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint and all its subparagraphs asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 33 and all its subparagraphs of the Complaint.

## COLLECTIVE & CLASSWIDE FACTUAL ALLEGATIONS

34.     Defendants deny the allegations asserted in Paragraph 34 of the Complaint and leave Plaintiffs to their proofs.

35.     Defendants deny the allegations asserted in Paragraph 35 of the Complaint and leave Plaintiffs to their proofs.

36.     Defendants deny the allegations asserted in Paragraph 36 of the Complaint and leave Plaintiffs to their proofs.

37.     Defendants deny the allegations asserted in Paragraph 37 of the Complaint and leave Plaintiffs to their proofs.

38.     Defendants deny the allegations asserted in Paragraph 38 of the Complaint and leave Plaintiffs to their proofs.

39.     Defendants deny the allegations asserted in Paragraph 39 of the Complaint and leave Plaintiffs to their proofs.

40.     Paragraph 40 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint and its subparagraphs asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 41 and its subparagraphs of the Complaint.

42.     Paragraph 42 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations asserted in Paragraph 45 of the Complaint and leave Plaintiffs to their proofs.

46.     Defendants deny the allegations asserted in Paragraph 46 of the Complaint and leave Plaintiffs to their proofs.

47.     Paragraph 47 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations asserted in Paragraph 48 of the Complaint and leave Plaintiffs to their proofs.

49.     Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations asserted in Paragraph 51 of the Complaint and leave Plaintiffs to their proofs.

52.     Defendants deny the allegations asserted in Paragraph 52 of the Complaint and leave Plaintiffs to their proofs.

53.     Defendants deny the allegations asserted in Paragraph 53 of the Complaint and leave Plaintiffs to their proofs.

54.     Defendants deny the allegations asserted in Paragraph 54 of the Complaint and leave Plaintiffs to their proofs.

55.     Paragraph 55 of the Complaint is not directed to the Answering Defendants. To the extent Paragraph 55 is construed as directed to the Answering Defendants, Defendants deny each and every allegation in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations asserted in Paragraph 58 of the Complaint and leave Plaintiffs to their proofs.

59.     Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations asserted in Paragraph 62 of the Complaint and leave Plaintiffs to their proofs.

## "AS TO INDIVIDUAL FACTUAL ALLEGATIONS"

### Andres Vinas

63.     Defendants deny the allegations asserted in Paragraph 63 of the Complaint and leave Plaintiffs to their proofs.

64.     Defendants deny the allegations asserted in Paragraph 64 of the Complaint and leave Plaintiffs to their proofs.

65.     Defendants deny the allegations asserted in Paragraph 65 of the Complaint and leave Plaintiffs to their proofs.

66.     Defendants deny the allegations asserted in Paragraph 66 of the Complaint and leave Plaintiffs to their proofs.

67.     Defendants deny the allegations asserted in Paragraph 67 of the Complaint and leave Plaintiffs to their proofs.

### Jhon Vinas

68.     Defendants deny the allegations asserted in Paragraph 68 of the Complaint and leave Plaintiffs to their proofs.

69.     Defendants deny the allegations asserted in Paragraph 69 of the Complaint and leave Plaintiffs to their proofs.

70.     Defendants deny the allegations asserted in Paragraph 70 of the Complaint and leave Plaintiffs to their proofs.

71.     Defendants deny the allegations asserted in Paragraph 71 of the Complaint and leave Plaintiffs to their proofs.

72.     Defendants deny the allegations asserted in Paragraph 72 of the Complaint and leave Plaintiffs to their proofs.

### "<u>AS TO FIRST CAUSE OF ACTION</u>"

### <u>Fair Labor Standards Act</u>

73.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

74.     Paragraph 74 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 80 of the Complaint.

## "AS TO SECOND CAUSE OF ACTION"

### New York Labor Law: Unpaid Overtime Wages

81.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

82.     Paragraph 82 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 83 of the Complaint.

84.     Paragraph 84 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 84 of the Complaint.

85.     Paragraph 85 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 85 of the Complaint.

## "AS TO THIRD CAUSE OF ACTION"

### New York Labor Law: Annual Notice

86.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

87.     Paragraph 87 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 91 of the Complaint.

## "AS TO FOURTH CAUSE OF ACTION"

### New York Labor Law: Wage Statements

92.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

93.     Paragraph 93 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 97 of the Complaint.

## "AS TO FIFTH CAUSE OF ACTION"

### Breach of Contract

98.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

99.     Paragraph 99 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 102 of the Complaint.

## "AS TO FOURTH CAUSE OF ACTION"

**(Pled in the Alternative)**

**<u>Unjust Enrichment</u>**

103.     Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

104.     Defendants deny each and every allegation in Paragraph 104 of the Complaint.

105.     Paragraph 105 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 105 of the Complaint.

106.     Defendants deny each and every allegation in Paragraph 106 of the Complaint.

107.     Paragraph 107 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation in Paragraph 107 of the Complaint.

**"<u>AS TO PRAYER FOR RELIEF</u>"**

Defendants deny the allegations asserting prayer for relief, and its subparagraphs, and aver that Plaintiffs are not entitled to any of the relief requested therein or any other relief.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendants assert the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

1.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

2.     At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

3.     Plaintiffs are not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by misconduct on each Plaintiff's part and/or unsatisfactory job performance.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to utilize internal procedures to seek redress of any complaints.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the failure to mitigate damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not "employers" under the FLSA, or the NYLL.

## TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct concerning the alleged hours worked.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fail to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's damages, and the alleged damages of each putative member of the purported class defined in the Complaint as others similarly situated, if any, were caused by their own actions and/or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as they have ratified the activities of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, fails to state a claim upon which compensatory, punitive or liquidated damages may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

15

17.      Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.      An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

19.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

### TWENTIETH AFFIRMATIVE DEFENSE

20.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the work alleged to be unpaid is invalid.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred as he fails to satisfy class and or collective action criteria, and therefore cannot proceed as a class or collective action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.      Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint as others similarly situated, are barred because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The types of claims alleged by Plaintiff on behalf of himself and on behalf of the purported class defined in the Complaint as others similarly situated, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective or class action treatment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     If Defendants' alleged failure to pay Plaintiff, and of each putative member of the class she purports to represent, as defined in the Complaint as others similarly situated, overtime wages was unlawful, although such is not admitted, Defendants have a good faith and reasonable belief that the failure to pay such wages was not unlawful and none of Defendants' actions or omissions constitute a willful violation of the FLSA or NYLL.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     If Defendants' alleged failure to pay Plaintiff, and each putative member of the class they purport to represent, as defined in the Complaint as others similarly situated, overtime wages were unlawful, although such is not admitted, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by the doctrines of accord and satisfaction and payment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, by their knowing and voluntary, express or implied, agreement to and participation in the compensation agreement(s), arrangement(s), plan(s), and/or scheme(s), which he now claims is illegal.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because such claims have been released, waived, discharged, and/or abandoned.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The Complaint fails to the extent it asserts an action on behalf of others similarly situated because Plaintiff is not an adequate representative of the purported class.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     The Complaint fails to the extent it asserts a class type action because the claims alleged by Plaintiff are neither common to nor typical of those of the class he purports to represent, as defined in the Complaint as others similarly situated.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims and claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because Plaintiff failed to satisfy the prerequisites for class certification or collective action and, therefore, lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Defendants acted in good faith at all times and without fraud or malice toward Plaintiff and each putative member of the class he purports to represent.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims and the claims of each putative member of the purported class defined in the Complaint as others similarly situated are barred, in whole or in part, because they are exempt under the applicable statues and regulations.

## ADDITIONAL DEFENSES

34.     Defendants reserve the right to raise any additional defenses as may be found to be merited

during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants, demand a trial by jury on all issues so triable.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendants.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants their costs, attorneys' fees and expenses, and grant such other relief as this Court deems proper.

Date: April 5, 2018                                    Law Offices of Michael Chong, LLC

*Michael K. Chong*

Michael K. Chong, Esq.
*Attorney for Defendants*

2 Executive Drive, Ste. 720
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

1250 Broadway, 36th Fl., Ste. 300
New York, NY 10001
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com