UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDRES VINAS and JHON VINAS, on behalf
of themselves and all others similarly situated,

                                  Plaintiffs,

                      v.

PROCIDA CONSTRUCTION CORP.,
P.MEJIAS CLEANING SERVICE and
PEDRO MEJIAS,
                            Defendants.
-----------------------------------------------------------------X

**ANSWER**

1:18-CV-01699

Defendant PROCIDA CONSTRUCTION CORP. ("Procida" or "Defendant") by its attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP answering the Complaint of the Plaintiffs alleges as follows:

1. Defendant neither admits nor denies the allegations of Paragraph 1 of the Complaint as they are not allegations of fact, but rather constitute a prayer for relief. As to any factual allegations that may be contained therein, they are denied.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint except denies that Plaintiffs worked more than 40 hours per week and were not paid time and one half

for the hours worked in excess of 40 on the projects known as 135 West 23rd Street, 1918 1st Avenue or 1060 Reverend James Polite Avenue.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint except denies that Plaintiffs were not paid the prevailing wage for the hours worked on the projects known as 135 West 23rd Street, 1918 1st Avenue or 1060 Reverend James Polite Avenue.

7. Defendant neither admits nor denies the allegations of Paragraph 7 of the Complaint as they are not allegations of fact, but rather constitute a prayer for relief and legal conclusions. As to any factual allegations that may be contained therein, they are denied.

8. Defendant neither admits nor denies the allegations of Paragraph 8 of the Complaint as they are not allegations of fact, but rather constitute a prayer for relief and legal conclusions. As to any factual allegations that may be contained therein, they are denied.

9. Defendant neither admits nor denies the allegations of Paragraph 9 of the Complaint as they are not allegations of fact, but rather constitute a prayer for relief and legal conclusions. As to any factual allegations that may be contained therein, they are denied.

## AS TO JURISDICTION AND VENUE

10. Defendant neither admits nor denies the allegations of Paragraph 10 of the Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

11. Defendant neither admits nor denies the allegations of Paragraph 11 of the Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

12. Defendant neither admits nor denies the allegations of Paragraph 12 of the Complaint, as they are not allegations of fact, but rather constitute a legal conclusion.

## AS TO PARTIES

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Defendant neither admits nor denies the allegations of Paragraph 14 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

15. Defendant neither admits nor denies the allegations of Paragraph 15 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

## AS TO P.MEJIAS CLEANING SERVICE

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

## AS TO PROCIDA CONSTRUCTION CORP.

21. Defendant admits the allegations set forth in Paragraph 21 of the Complaint.
22. Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

## AS TO CLASS ALLEGATIONS
## FLSA Collective Action

24. Defendant neither admits nor denies the allegations of Paragraph 24 of the Complaint as they are not allegations of fact, but rather constitute a prayer for relief. As to any factual allegations that may be contained therein, they are denied.

25. Defendant neither admits nor denies the allegations of Paragraph 25 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

26. Defendant neither admits nor denies the allegations of Paragraph 26 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

## Rule 23 Class Action

27. Defendant neither admits nor denies the allegations of Paragraph 27 of the Complaint as they are not allegations of fact, but rather constitute a prayer for relief. As to any factual allegations that may be contained therein, they are denied.

28. Defendant neither admits nor denies the allegations of Paragraph 28 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

29. Defendant neither admits nor denies the allegations of Paragraph 29 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

30. Defendant neither admits nor denies the allegations of Paragraph 30 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

31. Defendant neither admits nor denies the allegations of Paragraph 31 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

32. Defendant neither admits nor denies the allegations of Paragraph 32 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

33. Defendant neither admits nor denies the allegations of Paragraph 33 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

## AS TO COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint except denies that

Plaintiffs worked more than 40 hours per week on the projects known as 135 West 23rd Street, 1918 1st Avenue or 1060 Reverend James Polite Avenue.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint except denies that Plaintiffs worked more than 40 hours per week and were not paid time and one half for the hours worked in excess of 40 on the projects known as 135 West 23rd Street, 1918 1st Avenue or 1060 Reverend James Polite Avenue.

40. Defendant neither admits nor denies the allegations of Paragraph 40 of the Complaint as they are not allegations of fact, but rather legal conclusions.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

43. Defendant neither admits nor denies the allegations of Paragraph 43 of the Complaint as they are not allegations of fact, but rather legal conclusions.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49. Defendant neither admits nor denies the allegations of Paragraph 49 of the Complaint as they are not allegations of fact, but rather legal conclusions.

50. Defendant neither admits nor denies the allegations of Paragraph 50 of the Complaint as they are not allegations of fact, but rather legal conclusions.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint,

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint except admits that it has entered into contracts for public works with governmental agencies.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint except admits that it hired defendant PMCS as a subcontractor on projects at 135 West 23rd Street, 1918 1st Avenue and 1060 Reverend James Polite Avenue.

54. Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 55 of the Complaint, except admits it was a defendant in the *Matter of Jackson v. Procida*, Index No. 506482/2013.

57. Defendant neither admits nor denies the allegations of Paragraph 57 of the Complaint as they are not allegations of fact, but rather legal conclusions.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant neither admits nor denies the allegations of Paragraph 59 of the Complaint as they are not allegations of fact, but rather legal conclusions.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant neither admits nor denies the allegations of Paragraph 61 of the Complaint as they are not allegations of fact, but rather legal conclusions.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

## AS TO INDIVIDUAL FACTUAL ALLEGATIONS
### Andres Vinas

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, except admits that Andres Vinas is listed as an employee on the certified payrolls for 135 West 23rd Street, 1918 1st Avenue and 1060 Reverend James Polite Avenue.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.

### Jhon Vinas

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint, except admits that Jhon Vinas is listed as an employee on the certified payrolls for 135 West 23rd Street, 1918 1st Avenue and 1060 Reverend James Polite Avenue.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### Fair Labor Standards Act

73. Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "72" of this Answer as if more fully set forth at length herein.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint.

75. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint and instead respectfully refers the Court to the documents referenced therein for their true terms, meaning and effect.

76. Defendant neither admits nor denies the allegations of Paragraph 76 of the Complaint as they are not allegations of fact, but rather legal conclusions.

77. Defendant neither admits nor denies the allegations of Paragraph 77 of the Complaint as they are not allegations of fact, but rather legal conclusions.

78. Defendant neither admits nor denies the allegations of Paragraph 78 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

79. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

80. Defendant neither admits nor denies the allegations of Paragraph 80 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

## AS TO THE SECOND CAUSE OF ACTION
## New York Labor Law; Unpaid Overtime Wages

81. Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "80" of this Answer as if more fully set forth at length herein.

82. Defendant neither admits nor denies the allegations of Paragraph 82 of the Complaint as they are not allegations of fact, but rather legal conclusions.

83. Defendant neither admits nor denies the allegations of Paragraph 83 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

84. Defendant neither admits nor denies the allegations of Paragraph 84 of the Complaint as they are not allegations of fact, but rather legal conclusions. As to any factual allegations that may be contained therein, they are denied.

85. Defendant neither admits nor denies the allegations of Paragraph 85 of the Complaint as they are not allegations of fact, but rather legal conclusions.

## AS TO THE THIRD CAUSE OF ACTION
## New York Labor Law: Annual Notice

86. Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "85" of this Answer as if more fully set forth at length herein.

87. Defendant neither admits nor denies the allegations of Paragraph 87 of the Complaint as they are not allegations of fact, but rather legal conclusions, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint. As to any factual allegations that may be contained therein, they are denied.

89. Defendant neither admits nor denies the allegations of Paragraph 89 of the Complaint as they are not allegations of fact, but rather legal conclusions, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint. As to any factual allegations that may be contained therein, they are denied.

91. Defendant neither admits nor denies the allegations of Paragraph 91 of the Complaint as they are not allegations of fact, but rather a prayer for relief, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

### AS TO THE FOURTH CAUSE OF ACTION
### New York Labor Law: Wage Statements

92. Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "91" of this Answer as if more fully set forth at length herein.

93. Defendant neither admits nor denies the allegations of Paragraph 93 of the Complaint as they are not allegations of fact, but rather legal conclusions, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

94. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint. As to any factual allegations that may be contained therein, they are denied.

95. Defendant neither admits nor denies the allegations of Paragraph 95 of the Complaint as they are not allegations of fact, but rather legal conclusions, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

96. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint. As to any factual allegations that may be contained therein, they are denied.

97. Defendant neither admits nor denies the allegations of Paragraph 97 of the Complaint as they are not allegations of fact, but rather a prayer for relief, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

### AS TO THE FIFTH CAUSE OF ACTION
### Breach of Contract

98. Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "97" of this Answer as if more fully set forth at length herein.

99. Defendant neither admits nor denies the allegations of Paragraph 99 of the Complaint as they are not allegations of fact, but rather legal conclusions and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect/

100. Defendant neither admits nor denies the allegations of Paragraph 100 of the Complaint as they are not allegations of fact, but rather legal conclusions, and instead respectfully refers the Court to the document itself, for its true terms, meanings and effect.

101.  Defendant neither admits nor denies the allegations of Paragraph 95 of the Complaint as they are not allegations of fact, but rather legal conclusions, and instead respectfully refers the Court to the Statute itself, for its true terms, meanings and effect.

102.  Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

**AS TO THE FOURTH CAUSE OF ACTION**
(Pled in the Alternative)
**UNJUST ENRICHMENT**

103.  Defendant repeats and realleges each and every response set forth in Paragraphs "1" through "102" of this Answer as if more fully set forth at length herein.

104.  Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105.  Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

106.  Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107.  Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

108.  Defendants deny the allegations and claims contained in Plaintiffs' "Wherefore Clause" including subsections "(a)" – "(h)" thereof.

**ADDITIONAL AVERMENTS**

109.  Defendants deny all claims and allegations not unequivocally admitted herein.

**DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

110.  By way of further answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on the Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

111. The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

113. The Court lacks subject matter jurisdiction, in whole or in part, over Plaintiffs' claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

114. Plaintiffs' Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

115. Plaintiffs' claims are barred by the doctrine of unclean hands and/or laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

116. Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment, tender, discharge, waiver, abandonment and/or estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

117. Plaintiffs' claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

118. To the extent Plaintiffs have suffered an injury, which is denied, that injury is the result of Plaintiffs' own acts or omissions and not any act or omission of Defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

119. Plaintiffs have failed to comply with one or more necessary conditions precedent.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

120. Defendants have made all payments to Plaintiffs to which they are entitled in connection with their claims and otherwise owes no duty or debt to Plaintiffs.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

121. At all times relevant hereto, Defendants acted in good faith and has not violated any rights secured under any federal, state or local laws, rules, regulations, statutes, ordinances or guidelines.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE AS AND

122. If Defendants are found to have failed to pay Plaintiffs in any amount due, which Defendants deny, Defendants are entitled to set off any overpayments or other sums owed by Plaintiffs against any judgment.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

123. Plaintiffs' Complaint fails to state a claim under federal or New York law upon which either pre-judgment of post-judgment interest, liquidated or punitive damages, attorneys' fees, costs, and/or expenses may be awarded.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

124. Plaintiffs cannot establish that they are intended third party beneficiaries of any agreement between Defendants.

## **RESERVATION OF RIGHTS**

125. Defendants reserve the right to amend its Answer during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

Date: Mineola, New York
April 18, 2018

                            **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
                            Attorneys for Defendant

By: _____
      Thomas J. Bianco, Esq.

190 Willis Avenue
Mineola, New York 11501
T: (516) 747-0300
F: (516) 237-2893
tbianco@meltzerlippe.com

TO: **BRUCE MENKEN, ESQ.**
**BENANBAUM & MENKEN LLP**
80 Pine Street, 33rd Floor
New York, N.Y. 10005
(212)509-1616

**JACOB ARONAUER, ESQ.**
**THE LAW OFFICES OF JACOB ARONAUER**
225 Broadway, 3rd Floor
New York, N.Y. 10007
(212)323-6980