## JACOB ARONAUER, ESQ.

Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 11, 2019

**Via ECF**
Honorable Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *Vinas et al. v. Procida Construction Corp. et al.*
> 18-cv-01699 (DF)

Dear Magistrate Judge Freeman:

Plaintiffs Andres Vinas ("A. Vinas") and Jhon Vinas ("J. Vinas") (collectively "Plaintiffs") and Defendants Procida Construction Corp. ("Procida"), P. Mejias Cleaning Service ("PMCS") and Pedro Mejias ("Mejias") (collectively "Defendants") renew their prior request that Your Honor approve the Settlement Agreement reached in this matter. A copy of the Settlement Agreement signed by all parties is annexed hereto as Exhibit A.

As the Court is aware, on September 20, 2018, the parties previously provided a proposed Settlement Agreement to the Court (Dkt 41). The annexed revised Settlement Agreement includes the following changes to the prior settlement agreement previously provided to the Court: 1) corrections with respect to the payments of the Settlement Agreement (paragraph 1); 2) calls for the Court to retain jurisdiction in case of a dispute (paragraph 11); 3) the addition of an accord and satisfaction provision (paragraph 17); and, 4) has the correct exhibits to the settlement agreement.

The parties' explanation and discussion of why this Settlement Agreement should be approved were previously laid out in the September 20, 2018 application to the Court.

On behalf of my clients, we appreciate the Court's patience and consideration.

Respectfully submitted,

Jacob Aronauer
Bruce Menken
*Attorneys for Plaintiffs*

cc: **Via ECF**
   *All attorneys on record*

# EXHIBIT A

SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED between Andres Vinas and Jhon Vinas (jointly hereafter referred to as "Releasors" or "Employees") and Procida Construction Corp. ("Procida"), P. Mejias Cleaning Service ("PMCS") and Pedro Mejias ("Mejias") (collectively "Releasees") and any affiliated entity of Releasees, including any sister company, subsidiary or parent company, any officer, shareholder or member of the Releasees's Board of Directors and any agents, employees, principals, partners, officers, successors, and assigns of Releasees, both individually and in their official capacities this ___ day of December, 2018, in return for the good and sufficient consideration set forth below, Releasors and Releasees agree to resolve all claims against each other, as follows:

1.      Releasee Procida shall pay Releasors a total sum of twenty-five thousand dollars and no cents ($25,000.00) and Releasees PMCS and Mejias shall pay Releasors a total sum of sixty thousand dollars and no cents ($60,000.00) for a total of eighty-five thousand dollars and no cents ($85,000.00) payable as follows:

A.      Within seven (7) days after the Court has accepted these terms of settlement, Procida will issue a check made payable to Beranbaum Menken, LLP in the gross amount of twelve thousand five hundred dollars and no cents ($12,500.00). Within thirty (30) days thereafter Procida will issue another check payable to Beranbaum Menken, LLP in the gross amount of twelve thousand five hundred dollars and no cents ($12,500.00). It is understood and agreed that upon payment of the $25,000.00 Procida shall have no further liability to Releasors whether under this agreement or otherwise. Procida is not responsible for any further payment upon default of payment by Releasees PMCS or Mejias.

B.      Within seven (7) days after the Court has accepted these terms of settlement, PMCS will issue a check made payable to Beranbaum Menken, LLP in the gross amount of six thousand five hundred dollars and no cents ($6,500.00). Within thirty (30) days thereafter, PMCS will issue another check payable to Beranbaum Menken, LLP in the gross amount of six thousand five hundred dollars and no cents ($6,500.00).

C.      The balance due to Releasors in the amount of forty-seven thousand dollars and no cents ($47,000.00) shall be paid by PMCS to Beranbaum Menken, LLP in

twenty-four (24) payments, with the first payment in the amount of one thousand nine hundred and fifty-eight dollars and forty-one cents ($1,958.41), payable thirty (30) days after it issues the second check specified in Paragraph 1(B) above. For twenty-three (23) months thereafter, the amount of each payment shall be one thousand nine hundred and fifty-eight dollars and thirty-three cents ($1,958.33). Each of the twenty-three (23) subsequent checks shall be issued thirty (30) days after the due date for the prior check.

D.      The amounts paid by Procida and PMCS as set forth in Paragraph 1(A) and 1(B) respectively shall be paid upon collection by Beranbaum Menken LLP in full to Releasors, representing payment in full for all prevailing wages and supplements due Releasors in accordance with New York State Labor Law §220, based on the hours worked by Releasors on the Public Work Projects known as Draper, Lynn, Solis Manor and TP West. Releasors acknowledge that through this settlement agreement they are being paid for all prevailing work. Releasors will acknowledge the hours worked, amounts paid and amounts due as set forth in the spreadsheet annexed hereto as Exhibit 1. In accordance with Exhibit 2 Releasor Andre Vinas shall be paid the gross amount of eighteen thousand eight hundred seventy-eight dollars and fifty-five cents ($18,878.55) and Jhon Vinas shall be paid the gross amount of thirty-seven thousand four hundred ten dollars and twenty-nine cents ($37,410.29) representing payment for both prevailing wage project work and private work. Plaintiffs' counsel shall receive twenty-eight thousand seven hundred eleven dollars and seventeen cents ($28,711.17).

E.      Releasee Procida may issue an IRS tax form 1099 regarding this payment to Beranbaum Menken, LLP in the amount of twenty-five thousand dollars and no cents ($25,000.00). Releasee PMCS may issue an IRS tax form 1099 regarding payments made in each applicable calendar year pursuant to paragraphs 1B and 1C. Beranbaum Menken shall be responsible for distributing settlement funds to the Releasors and issuing appropriate IRS tax forms 1099 to Releasors for all settlement funds distributed to

2

Releasors, including both settlement funds paid by Procida and settlement funds paid by PMCS. Releasors shall be solely responsible for payment of any income taxes due for settlement funds distributed to Releasors.

      F.      Concurrently with the execution of this Agreement, Releasees shall execute and deliver to Releasors' counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit A and B. Plaintiffs' counsel shall be entitled to recover reasonable attorneys' fees for time spent to enforce the settlement agreement. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Releasors' counsel, and will not be entered and/or filed at any time other than (i) in the event that Releasees fail to make payment as set forth above, and (ii) Releasees fail to cure such default within ten (10) days of receipt of written notice to be delivered to Defendant's counsel via electronic mail at: (Thomas J. Bianco) tbianco@meltzerlippe.com and/or (Michael Chong) mkchong@mkclawgroup.com. Any such Notice of Default shall be deemed received the day it is electronically mailed.

      2.      In return for the consideration described above, Releasors and Releasees release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, including any claim under New York Labor Law Article 8, and any other claims for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, as well as any claims for retaliation pursuant to the FLSA, 29 U.S.C. §215, and the NYLL, Labor Law §215, based upon any conduct occurring from the beginning of the world to the date of the Releasor's

3

execution of this Agreement, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement. It is understood and agreed that Releasees Procida, PMCS and Mejias do not release each other from any claims pursuant to this Paragraph 2.

3.      Releasors promise and represent that they will withdraw, with prejudice, or stipulate to dismiss with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies arising out of the wages paid each and/or any Releasor by Releasees and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, claims, demands, appeals or actions pending against Releasees (as defined above) arising out of the wages paid any Releasor by Releasees, including, but not limited to the Complaint pending in the United States District Court for the Southern District of New York, bearing Case Number 1:18-cv-01699, and will not file any other administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on the wages paid Releasors during their individual employment with Releasee PMCS or their assignment to work on Prevailing Wage projects where Procida acted as the general contractor.

Nothing in this Agreement shall be construed to restrict any communication or participation Releasors may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Releasors understand that although they are not prohibited from filing a charge or complaint against Releasees with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Releasors waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Releasors or anyone else on Releasor's behalf.

In the event any Releasor is subpoenaed to testify concerning wages paid by Releasees, they will immediately notify Releasees to permit Releasees a reasonable opportunity to seek to quash or modify any such subpoena.

4.      Releasors agree and understand that nothing contained in this Agreement and Release is an admission by Releasees of any liability, breach of duty or unlawful

4

conduct whatsoever or violation of any local, state or federal law, regulation or ordinance.

5.      This Agreement and Release may not be modified, altered or changed except upon express written consent of both Releasors and Releasees.

6.      **Releasors have been and are hereby advised to consult legal counsel regarding this Agreement and Release. Each Releasor represents that he has consulted legal counsel regarding this Agreement and Release.** Each Releasor further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement and Release, and having discussed them with any member of any of his immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement and Release, he fully understands all of the provisions of this Agreement and Release and has executed same freely and voluntarily.

7.      This Agreement and Release contains the parties' entire agreement, and there are no agreements or representations that are not set forth herein. All prior negotiations, agreements, and understandings of the parties are superseded by this Agreement and Release.

8.      Each Releasor shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release.

9.      No ambiguity in this Agreement and Release may be construed against the drafter.

10.     The entirety of this Agreement and Release is binding upon each Releasor, his heirs, executors, administrators, agents, successors, and assigns, but each Releasor's obligations and right to any payments hereunder are not assignable by said Releasor without the express written consent of Releasees.

11.     This Agreement and Release shall be subject to and governed by the laws of the State New York. Magistrate Freeman retains jurisdiction of this case. In the event that Magistrate Freeman is not available, this matter will be assigned to a different Magistrate Judge in the Southern District.

12.     If any term or provision of this Agreement and Release or the application thereof to any person or circumstance, shall to any extent be found invalid or

5

unenforceable, the remainder of the Agreement and Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and Release shall be valid and be enforced to the fullest extent permitted by law.

13.     Releasors shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release.

14.     Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

15.     In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required deductions or withholding from the sums to be paid hereunder to Releasor as part of this Agreement and Release, Relcasor shall pay his own share (as a former employee) of that assessment. Releasor also agrees to pay or indemnify and hold Releasees harmless for and from any and all related withholding taxes, interest or penalties incurred by Releasees, which they may be required to pay to any taxing authorities relating to any payments made to Releasor pursuant to this Agreement.

16.     This Agreement and Release may be executed in counterparts.

17.     Accord and Satisfaction. Should any action or proceeding be instituted by any of the Plaintiffs with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

IN WITNESS WHEREOF, the Releasor and Releasees hereunto set their hands this __ day of December, 2018.

6

Procida Construction Corp.

By: _____
     Mario Procida

STATE OF NEW YORK        )
                         )  ss:
BRONX COUNTY             )

On this __31st__ day of December, 2018, before me personally came Mario Procida to me known and known to me to be the individual described in and who executed the foregoing Agreement, and he, being duly sworn, did depose and say that he was an officer of Procida Construction Corp. and that he executed said Agreement on behalf of said corporation at the direction of its Board of Directors.

ANNETTE GONZALEZ
Notary Public, State of New York
Qualified in Rockland County
No. 01GO5045928
Commission Expires June 26, 2019

_____
Notary Public

P. Mejias Cleaning Service, Inc.

By: _____
     Pedro Mejias

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF KINGS          )

On the _____ day of December 2018, before me personally came Pedro Mejias to me known to be the individual described in and who executed the foregoing instrument and he, being duly sworn, did depose and say that he was an officer of P. Mejias Cleaning Service, Inc. and that he executed said Agreement on behalf of said corporation at the direction of its Board of Directors.

_____
Notary Public

STATE OF NEW YORK        )
                         )  ss:
COUNTY OF KINGS          )

7

Procida Construction Corp.

By _____
        Mario Procida

STATE OF NEW YORK    )
                         ) ss:
BRONX COUNTY        )

On this _____ day of December, 2018, before me personally came Mario Procida to me known and known to me to be the individual described in and who executed the foregoing Agreement, and he, being duly sworn, did depose and say that he was an officer of Procida Construction Corp. and that he executed said Agreement on behalf of said corporation at the direction of its Board of Directors.

_____
        Notary Public

P. Mejias Cleaning Service, Inc.

By: _Pedro Mejias_
     Pedro Mejias

STATE OF NEW YORK    )
                         ) ss:
COUNTY OF KINGS     )

On the _____ day of December 2018, before me personally came Pedro Mejias to me known to be the individual described in and who executed the foregoing instrument and he, being duly sworn, did depose and say that he was an officer of P. Mejias Cleaning Service, Inc. and that he executed said Agreement on behalf of said corporation at the direction of its Board of Directors.

_____
        Notary Public

STATE OF NEW YORK    )
                         ) ss:
COUNTY OF KINGS     )

VENIQUE DIAL
Notary Public, State of New York
No. 01DI6317711
Qualified in Kings County
Commission Expires 04/12/2019

7

Notary Public

Andres Vinas

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF KINGS          )

On the 31st day of December, 2018, before me personally came Andres Vinas, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

Notary Public

Jacob Aronauer
Notary Public, State of New York
Qualified in New York County
No. 02AR6360901
Commission Expires on June 26, 2021

Jhon Vinas

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF KINGS          )

On the 1 day of December, 2018, before me personally came Jhon Vinas, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

Jacob Aronauer
Notary Public, State of New York
Qualified in New York County
No. 02AR6360901
Commission Expires on June 26, 2021

Notary Public

8

On the _____ day of December, 2018, before me personally came Pedro Mejias, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

_____
Notary Public

**VENIQUE DIAL**
Notary Public, State of New York
No. 01DI6317711
Qualified in Kings County
Commission Expires 3/12/19

_____
Andres Vinas

STATE OF NEW YORK        )
                                          ) ss:
COUNTY OF KINGS          )

On the _____ day of December, 2018, before me personally came Andres Vinas, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

_____
Notary Public

_____
Jhon Vinas

STATE OF NEW YORK        )
                                          ) ss:
COUNTY OF KINGS          )

On the _____ day of December, 2018, before me personally came Jhon Vinas, to me known to be the individual described in and who executed the foregoing instrument and he did duly acknowledge to me that he executed same.

_____
Notary Public

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ANDRES VINAS AND JHON VINAS ,

                                      Plaintiff,         **18-cv-01699 (DCF)**

        -against-                       **AFFIDAVIT OF**
                                                  **CONFESSION OF**

PROCIDA CONSTRUCTION CORP.,        **JUDGMENT**
P. MEJIAS CLEANING SERVICE and
PEDRO MEJIAS,

                                Defendants.

-----------------------------------------------------------------X

STATE OF NEW YORK    )
                        ): ss:
COUNTY OF _____  )

PEDRO MEJIAS , being duly sworn, deposes and says:

1.  I am a Defendant in the above-entitled action.

2.  I currently reside in Kings County, New York.

3.  I, an individual in the above-entitled action, on behalf of Defendant P. Mejias Cleaning Service and myself individually, hereby confess judgment in this Court in favor of the Plaintiffs Andres Vinas and Jhon Vinas in an amount of Sixty Thousand Dollars and Zero Cents ($60,000.00) minus the amount of partial payments made by Defendants P. Mejias Cleaning Service and myself in accordance with the Settlement Agreement entered into between these parties pending in the United States District Court for the Southern District of New York, bearing docket number 18-cv-01699 (DCF) (the "Litigation") and hereby authorize Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against P. Mejias Construction Corp. or Pedro Mejias, as an individual.

4.  This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

9

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

6. We represent our understanding that upon P. Mejias Cleaning Service. Corp.'s and P. Mejias' breach of the Settlement Agreement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against P. Mejias Cleaning Service. Corp. and myself, jointly and severally, against all property, of any kind, that we, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the Stipulation of Settlement entered into between the parties. Within thirty days of receiving the final payment under the Stipulation of Settlement, Plaintiffs' attorney will send an affirmation to P. Mejias Cleaning Service Corp. and Pedro Mejias, individually stating that P. Mejas Cleaning Service Corp. and Pedro Mejas have fully satisfied the conditions of the Stipulation of Settlement and that the original Confession of Judgment and any copies thereof have been destroyed.


_____
Pedro Mejias, individually
and on behalf of P. Mejias Cleaning Service Corp.

Dated: 12-15-18


Sworn to before me this
day of 15, 2018

_____
Notary Public

VENIQUE DIAL
Notary Public, State of New York
No. 01DI6317711
Qualified in Kings County
Commission Expires 01/12/2019


10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ANDRES VINAS AND JHON VINAS,

                                            Plaintiff,

**18-cv-01699 (DCF)**

AFFIDAVIT OF
CONFESSION OF
JUDGMENT

          -against-

PROCIDA CONSTRUCTION CORP.,
P. MEJIAS CLEANING SERVICE and
PEDRO MEJIAS,

                            Defendants.

------------------------------------------------------------------------X

STATE OF NEW YORK   )
                      ): ss:
COUNTY OF _Bronx_  )

Mario Procida, being duly sworn, deposes and says:

1. I am the owner of Procida Construction Corp. in the above-entitled action.

2. I currently reside in _Bronx_ County, New York.

3. On behalf of Defendant Procida Construction Corp., I hereby confess judgment in this Court in favor of the Plaintiffs Andres Vinas and Jhon Vinas in an amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) minus the amount of partial payments made by Defendant Procida Construction Corp. in accordance with the Settlement Agreement entered into between these parties pending in the United States District Court for the Southern District of New York, bearing docket number 18-cv-01699 (DCF) (the "Litigation") and hereby authorize Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against Procida Construction Corp.

4. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

6. We represent our understanding that upon Procida Construction Corp.'s breach of the Settlement Agreement, Plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Procida Construction Corp, against all property, of any kind, of Procida Construction Corp.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the Stipulation of Settlement entered into between the parties. Within thirty days of receiving the final payment under the Stipulation of Settlement, Plaintiffs' attorney will send an affirmation to Procida Construction Corp.'s attorney stating that Procida Construction Corp. has fully satisfied the conditions of the Stipulation of Settlement and that the original Confession of Judgment and any copies thereof have been destroyed.

Mario Procida, individually
and on behalf of Procida Construction Corp.

Dated: December 31, 2018

Sworn to before me this
31st day of December, 2018

Notary Public

ANNETTE GONZALEZ
Notary Public, State of New York
Qualified in Rockland County
No. 01G05045928
Commission Expires June 26, 2019

EXHIBIT 1

**Pedro Mejias Cleaning Services**
Jhon Vinas Employee Summary Sheet
Prepared By: Kelvin Banlco

PROCIDA CONSTRUCTION CORP.

11/29/2018

| Project | Payroll No. | Week Ending | Name | Sso Hours | Payroll Hours | Classification | Gross Earned | # Days Worked | Amt Paid In Cash Per Employee ($200 per day) | Gross Owed Per Employee |
|---|---|---|---|---|---|---|---|---|---|---|
| TP West | 14 | 8/10/2017 | Jhon Vinas | 7.5 | 7.5 | Painter | $ 469.65 | 1 | $ 200.00 | $ 269.65 |
| TP West | 19 | 9/14/2017 | Jhon Vinas | 11.5 | 11.5 | Painter | $ 720.13 | 2 | $ 400.00 | $ 320.13 |
| TP West | 20 | 9/21/2017 | Jhon Vinas | 3.5 | 3.5 | Painter | $ 219.17 | 1 | $ 200.00 | $ 19.17 |
| | | | TP WEST TOTALS: | 22.5 | 22.5 | | $ 1,408.95 | 4 | $ 800.00 | $ 608.95 |
| Draper | 39 | 7/20/2017 | Jhon Vinas | 6 | 6 | Painter | $ 375.72 | 1 | $ 200.00 | $ 175.72 |
| Draper | 40 | 7/27/2017 | Jhon Vinas | 6.5 | 6.5 | Painter | $ 407.03 | 1 | $ 200.00 | $ 207.03 |
| Draper | 48 | 9/21/2017 | Jhon Vinas | 26.5 | 26.5 | Painter | $ 1,659.43 | 4 | $ 800.00 | $ 859.43 |
| Draper | 49 | 9/28/2017 | Jhon Vinas | 44 | 44 | Painter | $ 2,838.76 | 6 | $ 1,200.00 | $ 1,638.76 |
| Draper | 50 | 10/5/2017 | Jhon Vinas | 43.67 | 43.67 | Painter | $ 2,811.21 | 6 | $ 1,200.00 | $ 1,611.21 |
| Draper | 51 | 10/12/2017 | Jhon Vinas | 45 | 45 | Painter | $ 2,922.25 | 6 | $ 1,200.00 | $ 1,722.25 |
| Draper | 52 | 10/19/2017 | Jhon Vinas | 30 | 44.5 | Painter | $ 1,878.60 | 6 | $ 1,200.00 | $ 678.60 |
| Draper | 53 | 10/26/2017 | Jhon Vinas | 36.5 | 36.5 | Painter | $ 2,285.63 | 5 | $ 1,000.00 | $ 1,285.63 |
| Draper | 54 | 11/2/2017 | Jhon Vinas | 43 | 43 | Painter | $ 2,755.30 | 6 | $ 1,200.00 | $ 1,555.30 |
| Draper | 55 | 11/9/2017 | Jhon Vinas | 44.5 | 44.5 | Painter | $ 2,880.55 | 6 | $ 1,200.00 | $ 1,680.55 |
| Draper | 56 | 11/16/2017 | Jhon Vinas | 37.5 | 37.5 | Painter | $ 2,348.25 | 5 | $ 1,000.00 | $ 1,348.25 |
| Draper | 57 | 11/23/2017 | Jhon Vinas | 14.5 | 14.5 | Painter | $ 907.99 | 2 | $ 400.00 | $ 507.99 |
| Draper | 58 | 11/30/2017 | Jhon Vinas | 7.5 | 7.5 | Painter | $ 469.65 | 1 | $ 200.00 | $ 269.65 |
| | | | DRAPER TOTALS: | 388.17 | 399.67 | | $ 24,840.37 | 55 | $ 11,000.00 | $ 13,840.37 |
| Lynn | 18 | 6/15/2017 | Jhon Vinas | 15 | 15 | Painter | $ 939.30 | 2 | $ 400.00 | $ 539.30 |
| Lynn | 19 | 6/22/2017 | Jhon Vinas | 37.5 | 37.5 | Painter | $ 2,348.25 | 5 | $ 1,000.00 | $ 1,348.25 |
| Lynn | 20 | 6/29/2017 | Jhon Vinas | 37.5 | 37.5 | Painter | $ 2,348.25 | 5 | $ 1,000.00 | $ 1,348.25 |
| Lynn | 21 | 7/6/2017 | Jhon Vinas | 30 | 30 | Painter | $ 1,878.60 | 4 | $ 800.00 | $ 1,078.60 |
| Lynn | 22 | 7/13/2017 | Jhon Vinas | 37.5 | 37.5 | Painter | $ 2,348.25 | 5 | $ 1,000.00 | $ 1,348.25 |
| Lynn | 23 | 7/20/2017 | Jhon Vinas | 37 | 37 | Painter | $ 2,410.87 | 5 | $ 1,000.00 | $ 1,410.87 |
| Lynn | 24 | 7/27/2017 | Jhon Vinas | 30 | 30 | Painter | $ 1,878.60 | 4 | $ 800.00 | $ 1,078.60 |
| Lynn | 25 | 8/3/2017 | Jhon Vinas | 30 | 30 | Painter | $ 1,878.60 | 4 | $ 800.00 | $ 1,078.60 |
| Lynn | 26 | 8/10/2017 | Jhon Vinas | 7.5 | 7.5 | Painter | $ 469.65 | 1 | $ 200.00 | $ 269.65 |
| Lynn | 27 | 8/17/2017 | Jhon Vinas | 30 | 30 | Painter | $ 1,941.24 | 4 | $ 800.00 | $ 1,141.24 |
| Lynn | 28 | 8/24/2017 | Jhon Vinas | 30 | 30 | Painter | $ 1,878.60 | 4 | $ 800.00 | $ 1,078.60 |
| Lynn | 29 | 8/31/2017 | Jhon Vinas | 37.08 | 37.08 | Painter | $ 2,321.95 | 5 | $ 1,000.00 | $ 1,321.95 |
| Lynn | 30 | 9/7/2017 | Jhon Vinas | 30 | 45.33 | Painter | $ 1,878.60 | 6 | $ 1,200.00 | $ 678.60 |
| Lynn | 31 | 9/14/2017 | Jhon Vinas | 22.5 | 22.5 | Painter | $ 1,408.95 | 3 | $ 600.00 | $ 808.95 |
| Lynn | 32 | 9/21/2017 | Jhon Vinas | 7.5 | 7.5 | Painter | $ 469.65 | 1 | $ 200.00 | $ 269.65 |
| | | | LYNN TOTALS: | 419.08 | 434.41 | | $ 26,399.36 | 58 | $ 11,600.00 | $ 14,799.36 |
| Selis | 103 | 5/25/2017 | Jhon Vinas | 15 | 15 | Painter | $ 939.30 | 2 | $ 400.00 | $ 539.30 |
| Selis | 104 | 6/1/2017 | Jhon Vinas | 51 | 51 | Painter | $ 3,538.03 | 7 | $ 1,400.00 | $ 2,138.03 |
| Selis | 105 | 6/8/2017 | Jhon Vinas | 54 | 54 | Painter | $ 3,819.82 | 7 | $ 1,400.00 | $ 2,419.82 |
| Selis | 106 | 6/15/2017 | Jhon Vinas | 22.5 | 22.5 | Painter | $ 1,408.95 | 3 | $ 600.00 | $ 808.95 |
| Selis | 114 | 8/10/2017 | Jhon Vinas | 24.42 | 24.42 | Painter | $ 1,529.18 | 3 | $ 600.00 | $ 929.18 |
| Selis | 115 | 8/17/2017 | Jhon Vinas | 13 | 13 | Painter | $ 814.06 | 2 | $ 400.00 | $ 414.06 |
| Selis | 116 | 8/24/2017 | Jhon Vinas | 5.5 | 5.5 | Painter | $ 344.41 | 1 | $ 200.00 | $ 144.41 |
| | | | JHON VINAS TOTALS: | 185.42 | 185.42 | | $ 12,393.75 | 25 | $ 5,000.00 | $ 7,393.75 |
| | | | | | | | | | | |
| | | | COMBINED TOTALS: | 1012.17 | 1042 | | $ 64,742.43 | 142 | $ 28,400.00 | $ 36,342.43 |

Pedro Mejias Cleaning Services
Andreas Vinas Employee Summary Sheet
Prepared By: Kelvin Basdeo

PROCIDA CONSTRUCTION CORP.

11/20/2018

| Project | Payroll No. | Week Ending | Name | Site Hours | Payroll Hours | Classification | Gross Earned | Gross Owed per CPR | # Days Worked | Amt Paid in Cash Per Employee ($150 per day) | Gross Owed Per Employee |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Draper | 53 | 10/19/2017 | Andreas Vinas | 30 | 30 | Painter | $ 1,876.60 | $ - | 4 | $ 600.00 | $ 1,276.60 |
| Draper | 53 | 10/26/2017 | Andreas Vinas | 14 | 14 | Painter | $ 678.68 | $ - | 2 | 300.00 | $ 378.68 |
| | | | TOTALS: | 44 | 44 | | $ 2,555.28 | $ - | 6 | $ 900.00 | $ 1,655.28 |

EXHIBIT 2

| | |
|---|---|
| Total Damages due to Andres Vinas | $  36,128.95 |
| Total Damages due to Jhon Vinas | $  71,594.20 |
| Total Damages due to both Plaintiffs | $ 107,723.15 |
| Percentage of Total due to A. Vinas | 33.54% |
| Percentage of Total due to J. Vinas | 66.46% |

| | |
|---|---|
| Total Settlement Amount | $  85,000.00 |
| Total Expenses | $       566.75 |
| Total Settlement Amount Minus Expenses | $  84,433.25 |
| 1/3 Due to J. Aronauer and B. Menken (Not Inclusive of Expenses) | $  28,144.41 |
| 2/3 Due to Plaintiffs | $  56,288.83 |
| Total Amount due to A. Vinas | $  18,878.55 |
| Total Amount due to J. Vinas | $  37,410.29 |
| Total Amount due to Attorneys (including expenses) | $  28,711.16 |